HENRY J. JOHNSON et al., Appellants, *v.* CARL C. LAWSON et al., Respondents.

Fourth Department, May 9, 1956.

*Charles S. Collesano* for appellants.

*George W. Holt* for respondents.

*Per Curiam.* The action was for damages for alleged breach of warranty of title and quiet enjoyment. The plaintiffs had been defendants in an ejectment action and the decision in that action was adverse to them. The judgment in the present action dismissed the plaintiffs' complaint on the merits. We withheld decision and remitted the matter to the trial court to make findings of fact.

The question presented upon this appeal was whether the defendants, the grantors in the deed, had notice of the pendency of the ejectment action brought against the grantees and had opportunity to defend. The trial court has now found (1) that the defendants had no formal notice to defend; (2) that the plaintiffs failed to prove any constructive notice to defend, and (3) that the defendants were given no opportunity to defend. We said: (1 A D 2d 762) " Formal notice of the commencement of the action and express notice to defend are not essential to

the maintenance of this action." The findings (2) and (3) do not explicitly state that the defendants had no notice of the commencement of the ejectment action. They refer merely to notice to defend. If the defendants had notice and knowledge that an action in ejectment had been commenced against their grantees, then, of course, it followed that they had opportunity to defend the same in accordance with the warranty of the deed. While the findings do not expressly state that the defendants had no notice or knowledge of the pendency of the ejectment action, still we construe the findings to imply such. While there are some errors of law which might require a reversal, we are of the opinion that a finding that the defendants had no knowledge or notice of the commencement of the action in ejectment and thus had no opportunity to defend is against the weight of evidence.

The judgment should be reversed and a new trial had.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL and WHEELER, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.